GREGORY, Circuit Judge,
dissenting:
Mr. Aidoo challenges the district court’s standard of eligibility for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 501.2(a) and the court’s failure to apply the provision to his sentencing.
Both at the scene of his arrest and during his safety valve proffer, Aidoo provided all information he could to the government about the source of the narcotics he ingested, his travel itinerary, his destination, his contact in the United States, his promised compensation, and the quantity of narcotics involved in his offense. Despite his exhaustive proffer, the district court deemed Aidoo ineligible for the safety valve based upon the government’s speculation that Aidoo was untruthful about previous travel on his passport and that this previous travel must have been related to the instant offense. More is required under the law than such conjecture. As such, I respectfully dissent.
I.
At best, the record in this case supports the government’s speculation that Aidoo was less than truthful about his past international travel. Lying about irrelevant prior activities, however, does not impact a § 5C1.2 determination. See United States v. Miller, 179 F.3d 961, 968 (5th Cir.1999). As such, even where the district court credits a claim of untruthfulness, it is still tasked with determining whether the allegedly less-than-truthful assertions caused the defendant to forfeit his right to application of the safety valve provision.
With regard to this determination, the district court held that “if Aidoo was an experienced heroin smuggler, then he was required to advise the government of that fact and explain his experience.... ” (emphasis added). This overbroad reading of § 5C1.2 required Mr. Aidoo to do much more than is required under the law. *614 Contrary to the district court’s contention, Aidoo was not required to “come clean” to the government about all prior illegal activity. To secure safety valve relief, a defendant must only “truthfully provide ... all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan....” U.S.S.G. § 5C1.2(5) (emphasis added).
Although § 5C1.2 does not define “course of conduct” or “common scheme or plan,” the advisory guidelines do. Under the advisory guidelines, offenses are part of a “common scheme or plan” when they are “substantially connected to each other by at least one common factor such as common victims, common accomplices, common purpose or similar modus operandi.” U.S.S.G. § 1B1.3, comment. (n.9(A)). “Offenses that do not qualify as part of a common scheme .or plan may qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.” Id. at comment. (n.9(B)). Factors appropriate to this determination include the degree of similarity of the offenses, the regularity of repetitions of the offenses, and the time interval between the offenses. Id.
In this case, a conclusion that Aidoo’s false proffer defeated safety valve reduction requires three determinations: (1) that Aidoo lied about international travel, (2) that Aidoo’s lies about international travel were in fact lies about prior involvement with drug activity, and (3) if so, that these prior drug activities qualify as part of the “same course of conduct” or “common scheme or plan” as the offense of conviction.
As to the first determination — whether Aidoo did in fact lie in his proffer — the district court credited the government’s speculation that Aidoo was untruthful about previous travel on his passport because his explanation for how he afforded the travel was implausible. Aidoo is a dual-citizen of the Netherlands and Ghana. His passport reflects various travel stamps that indicate entry into and exit from Ghana. When asked to justify the reasons for his past international travel, Aidoo explained that he purchased clothing in European nations for resale in Africa. The government cited its disbelief of Aidoo’s justification by summarily contending it is impossible to make money in this fashion. Absent data or other empirical evidence, the district court credited this speculation as grounds for denying safety valve relief.
Even assuming for the sake of argument that Aidoo did lie about his reasons for past travel, there is no detail in the record regarding Aidoo’s prior travel activities, apart from passport stamps and an “implausible” explanation, to support the necessary inference that Aidoo’s travel must have been related to drug activities. Aidoo could have been lying about smuggling clothing or his involvement in any number of illegal or legal activities of no relevance to the safety valve determination. The fact that Aidoo failed to sufficiently justify prior stamps in his passport does not support the district court’s leaping inference that Aidoo is “an experienced heroin smuggler” — an assumption upon which the district court relied in articulating its standard of eligibility for safety valve relief.
Finally, even if we were to credit the government’s claim that Aidoo’s acknowledgment of the prior drug intelligence in his plea agreement was somehow an admission that he had been involved in drug smuggling before — a point Aidoo vehemently denies — there is still no detail about this alleged prior drug activity that would permit the district court to make *615 the third necessary determination to deny safety valve relief. Nothing is present in the record about this speculated prior activity that would permit the district court to determine Aidoo lied about an incident that was part of the “same course of conduct or a common scheme or plan” as required by the Guidelines. U.S.S.G. § 5C1.2(5). A recommendation to deny safety valve relief cannot simply rest on a claim — even a substantiated one — that a defendant was involved in past drug activity. Miller, 179 F.3d at 964.
In that respect, the instant matter bears striking resemblance to our sister circuit’s decision in Miller. While Miller is not controlling precedent, it certainly is persuasive. In Miller, the defendant was convicted of possession with intent to distribute cocaine for the possession of over two kilograms of cocaine. Id. at 963. Unlike Aidoo, the Miller defendant had a documented history of significant involvement in drug sales. Id. Regardless, during his safety valve proffer, Miller denied prior involvement in the sale or distribution of drugs and further claimed that he had learned how to dry cocaine for the first time before his arrest for the offense of conviction. Unlike the instant matter, the Miller defendant did “not contest the district court’s conclusion that he lied about his prior drug activities.” Id. at 965. Instead, he maintained that “he was not required to divulge information about the two previous drug-related incidents because they were not ‘part of the same course of conduct or of a common scheme or plan’ as required by the Guidelines.” Id. In response, the government provided numerous documented similarities between the offense of conviction and the previous drug activity. Id.
Despite these factually supported connections and the fact that the Miller defendant had plainly lied, the Fifth Circuit held that because the “prior drug activities were not substantially connected or sufficiently related to the offense of conviction, they did not constitute a common scheme or plan or the same course of conduct within the meaning of § 5C1.2(5).” Id. at 965-66. The court also noted that “[i]n determining sufficient connection [between offenses], a court may consider, inter alia, the following factors: (1) the degree of similarity between the offenses; (2) the regularity or repetitions of the offenses; and (3) the time interval between the offenses.” Id. at 966 (internal citation omitted). Finding that the government failed to connect the previous drug activity with the count of conviction, the Fifth Circuit held that the lower court erred in finding that the defendant’s false proffer defeated a safety valve reduction. The same result is warranted even more so here. Based on virtually no record, the district court concluded that Aidoo’s explanation of his previous travel must have been false, that this travel must have been related to drug smuggling trips, and that these smuggling trips must have been related to the offense of conviction. Even if we were to credit the district court’s first two leaping inferences, the government still failed to provide sufficient facts regarding these speculated previous smuggling trips for the sentencing judge to gauge the similarity of the offenses and affirmatively connect them to the count of conviction as required by the Guidelines. Absent evidence, this multi-layered speculation is insufficient to defeat the statutory entitlement of safety valve relief. Moreover, the district court’s mistaken belief that it could not give Aidoo safety valve credit if he didn’t “come clean” about speculated previous offenses cannot form the basis for safety valve denial.
II.
For the reasons set forth above, Aidoo’s sentence should be vacated, and the case *616 should be remanded to the district court for resentencing with instructions to apply the safety valve provision.